```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

JOEY CRIGGER,

    Plaintiff,

v.                                  Civil Action No: 1:14-30971

PARSLEY ENTERPRISES, INC. et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the court pursuant to a sua sponte review of the court's subject matter jurisdiction. Having conducted such a review, the court concludes that, as complete diversity does not exist in this case, the court does not possess subject matter jurisdiction. The case is **REMANDED** to the Circuit Court of McDowell County.

**I.**   **Background**

This action arises out of an accident that occurred on October 18, 2012. Plaintiff, an employee of defendant Parsley Enterprises (hereinafter "Parsley"), was injured near the end of his shift while working at a mine owned by defendant Alpha Natural Resources Services, LLC (hereinafter "Alpha Natural"). In his complaint, plaintiff alleges that he was injured when the transport he was riding on "came into a depressed area causing him to be thrown upwards." (Doc. No. 1 at Exh. 1). Plaintiff

1

landed on his seat "with a jarring impact," leading to numerous injuries. Id.

On October 20, 2014, plaintiff filed suit against defendants in the Circuit Court of McDowell County, West Virginia. On December 29, 2014, defendant Alpha Natural removed the case to this court, invoking the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). However, plaintiff is a citizen of West Virginia, defendant Alpha Natural is a citizen of Delaware and Virginia,[1] and defendant Parsley is a citizen of West Virginia.

Despite the lack of complete diversity, defendant Alpha Natural asserts that this court has jurisdiction to adjudicate the instant matter. In support of their position, defendant Alpha Natural argues that plaintiff fraudulently joined defendant Parsley to defeat diversity jurisdiction, and urges the court to disregard defendant Parsley's West Virginia

---

[1] For purposes of diversity jurisdiction, a limited liability company is assigned the citizenship of its members. Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). Alpha Natural is a Delaware limited liability company with two members: Alpha Natural Resources, LLC and AMFIRE Holdings, LLC. (Doc. No. 1 at ¶ 5). AMFIRE Holdings, LLC has one member: AMFIRE, LLC, a Delaware limited liability company. Id. In turn, AMFIRE, LLC has one member, which is Maxxum Carbon Resources, LLC, a Delaware limited liability company. Id. The sole member of Maxxum Carbon Resources, LLC is Alpha Natural Resources, LLC, also a Delaware limited liability company. Id. The sole member of Alpha Natural Resources, LLC is Alpha Natural Resources, Inc., a Delaware corporation with its principal place of business in Bristol, Virginia. Id.

2

citizenship and assume jurisdiction. Soon after defendant Alpha Natural removed the case, defendant Parsley moved the court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5).

Initially, the court notes that plaintiff has not moved the court to remand the case to state court. Nevertheless, the court must determine that it can exercise subject matter jurisdiction, even if the parties do not raise the issue. Sucampo Pharms. Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006); Brickwood Contractors, Inc. v. Datanet Eng'g Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc); see also Gibson v. Shentel Cable Co. et al., Civil Action No. 2:11-00229, 2011 WL 3423336, at *1 (S.D.W. Va. Aug. 5, 2011). Furthermore, defendant Parsley's consent to removal, (Doc. No. 1 at Exh. A), does not end the inquiry as a party may not waive subject matter jurisdiction. Thomas v. Bd. of Trs. of Ohio State Univ., 195 U.S. 207, 211 (1904) ("It is equally well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived.").

## II. Standard of Review

A defendant may remove an action from state court to federal court only if the case could have been brought originally in federal court. Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441). A federal court has original jurisdiction over actions where the amount in controversy exceeds $75,000,[2] exclusive of interests and costs, and the controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity of citizenship requires complete diversity: each plaintiff must be a citizen of a different state than each defendant. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

The doctrine of fraudulent joinder, however, permits a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Our court of appeals places a heavy burden on those defendants who claim fraudulent joinder:

> In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that

---

[2] In this case, the amount in controversy requirement for diversity jurisdiction appears to be satisfied. Plaintiff's complaint seeks compensatory and punitive damages, as well as attorney's fees and other relief. If a jury rendered a verdict in plaintiff's favor, its award could exceed $75,000.

4

> the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Id. at 464 (emphasis in original) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). To argue fraudulent joinder successfully, a defendant must demonstrate "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Mayes, 198 F.3d at 464 (quoting Marshall, 6 F.3d at 232–33) (internal quotation marks omitted). This standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss." Harley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

And fraudulent joinder claims must survive a black-and-white analysis, with any shades of gray resolved in favor of remand. Id. at 425. A plaintiff need have only a "glimmer of hope" in order for the case to be remanded to state court:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . various uncertain questions of law and fact. . . . Jurisdictional rules direct jurisdictional traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper.
>
> * * * *
>
> [Plaintiff's] claims may not succeed ultimately, but ultimate success is not required. . . . Rather, there

>  need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

Id. at 425-26 (internal citations omitted). As defendants do not allege fraud in the pleadings, the only question before the court is whether plaintiff has any possibility of recovery against defendant Parsley in state court.

### III. Discussion

In his complaint, plaintiff alleges personal injury resulting from an accident that occurred on the job. In most cases, a West Virginia plaintiff cannot recover from his or her employer for such injuries. West Virginia's Worker's Compensation statutory scheme grants immunity to employers for injuries or illnesses suffered on the job. W. Va. Code § 23-2-6 (2014).

However, this immunity is not absolute. Such immunity "may be lost only if the employer or person against whom liability is asserted acted with 'deliberate intention.'" W. Va. Code § 23-4-2(d)(2). A plaintiff may establish a cause of action for deliberate intent through either of the subsections of § 23-4-2-(d)(2). Coleman Est. v. R.M. Logging, Inc., 700 S.E.2d 168, 172 (W. Va. 2010)(citing Syl. pt. 1, Mayles v. Shoney's, Inc., 405 S.E.2d 15 (W. Va. 1990)). West Virginia Code § 23-4-2(d)(2)(i) requires proof that "the employer or person against whom

6

liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." From the face of plaintiff's complaint, he does not appear to raise such a claim.

Instead, plaintiff's claim appears to fall within the second statutory option for deliberate intent. Under West Virginia Code § 23-4-2(d)(2)(ii), a plaintiff may establish a prima facie case for deliberate intent by proving five elements:

> (A) That an unsafe working condition that presented a high degree of risk of serious injury or death existed at the workplace;
> (B) That the employer, prior to the injury, actually knew of the risk;
> (C) That the unsafe working condition or hazard was a federal or state safety violation;
> (D) That the employer intentionally subjected the plaintiff to the unsafe working condition in spite of the knowledge of the danger; and
> (E) That the plaintiff suffered a serious injury as a result of the unsafe working condition.

(2014); see also Coleman, 700 S.E.2d at syl. pt. 6. Plaintiff's complaint contains the following allegations:

> 2. The Plaintiff, Joey Crigger, was employed by Parsley Enterprises, Inc. and placed at a mine . . . owned and operated by Alpha Natural Resources Services, LLC. On October 18, 2012, Plaintiff was injured while in the course of his employment when he was riding upon a transport out of the mine at the end of his shift.
>
> * * * *
>
> 9. Plaintiff avers that the Defendant deliberately intended to cause his injuries by created [sic] a

7

> knowing unsafe work environment and concealing the same from OSHA inspectors.
>
> 10. The condition of the mines property [sic] created an unsafe work environment that presented a high degree of risk and the strong probability of injury.
>
> 11. Defendant knowingly created an unsafe working condition by improperly maintaining the routes of ingress and egress of entry of the mine shaft, thereby exposing the Plaintiff to said unsafe working condition that ultimately led to his injury.
>
> 12. The Plaintiff, Joey Crigger, has suffered monetary loss, property loss, emotional distress, mental anguish, has incurred numerous injuries and medical expenses, and has suffered a loss of income due to the conduct of the Defendant Alpha Natural Resources, LLC and Parsley Enterprises, Inc.
>
> 13. The Defendant, Parsley Enterprises, Inc. further created an unsafe work environment by placing the Plaintiff into this Alpha Natural Resources Services, LLC mine after which they knew or should have known of the unsafe work conditions of that property.

(Compl. ¶¶ 2, 9–13).

Resolving all issues of law and fact in plaintiff's favor, the complaint details a claim of deliberate intent against defendant Parsley where: (1) an unsafe working condition existed; (2) Parsley knew of the risk; (3) the conditions were a federal or state safety violation; (4) Parsley intentionally subject plaintiff to those conditions despite its knowledge of the conditions; and (5) plaintiff suffered a serious injury as a result. This is sufficient to provide a glimmer of hope that plaintiff could recover against defendant Parsley in state court. And, having identified this glimmer of hope, the court's

8

jurisdictional inquiry ends in favor of remand to the state court.

Although plaintiff's allegations relay little factual content and, therefore, may have been susceptible to dismissal under Rule 12(b)(6), the court reiterates that the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss."[3] Hartley, 187 F.3d at 424; see also Gibson, Civil Action No. 2:11-00229, 2011 WL 3423336, at *5 (S.D.W. Va. Aug. 5, 2011). Therefore, as the court cannot conclude that defendants were fraudulently joined, it cannot overlook the lack of complete diversity among the parties, and must remand the case to state court.

### IV. Conclusion

For the foregoing reasons, the court concludes that it lacks subject matter jurisdiction. Accordingly, it is **ORDERED** that this action be remanded for all further proceedings to the Circuit Court for McDowell County.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and a certified copy to the clerk of court for the Circuit Court of McDowell County.

---

[3] The court further notes that the Fourth Circuit published the Hartley decision in 1999, before the advent of the heightened pleading requirements set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**IT IS SO ORDERED** this 27th day of February, 2015.

                                              Enter:

                                              David A. Faber
                                              Senior United States District Judge